IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| MAMA IRMA'S, INC. and, | ) | |
| MARTHA IRMA RODRIGUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking and standing.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.     Defendant, MAMA IRMA'S, INC. (hereinafter "MAMA IRMA'S, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.     Defendant, MAMA IRMA'S, INC., may be properly served with process via its registered agent for service, to wit:  Martha Irma Rodriguez, Registered Agent, 5271 Cripple Creek, Houston, TX  77071.

9.     Defendant, MARTHA IRMA RODRIGUEZ (hereinafter "MARTHA IRMA RODRIGUEZ") is an individual who transacts business in the State of Texas and within this judicial district.

10.     Defendant, MARTHA IRMA RODRIGUEZ, may be properly served with process, to wit:  515 E. NASA Pkwy, #1, Webster, TX  77598.

## FACTUAL ALLEGATIONS

11.     On or about December 26, 2019 and again on July 5, 2020, Plaintiff was a customer at "Mamarita's," a business located at 7325 Spencer Highway, Pasadena, TX  77505,

2

referenced herein as the "Mamarita's." Attached is the December 26, 2019 receipt documenting Plaintiff's purchase.  *See* Exhibit 1.  Attached is a photograph documenting Plaintiff's December 26, 2019 visit to Mamarita's and the Property. *See* Exhibit 2.  Also attached is the July 5, 2020 receipt and selfie of visit to Mamarita's and the Property.  *See* Exhibit 3.

12.     The Property which is the subject of this lawsuit is comprised of two parcels of land, the main parcel is owned by MAMA IRMA'S, INC. (0211570000053) and is the parcel which the restaurant Mamarita's is located upon and contains a parking lot.  The second parcel of land owned by Defendant MARTHA IRMA RODRIGUEZ (0211570000089) contains the rear parking lot which also serves the restaurant Mamarita's.

13.     For purposes of this action, both parcels of land is considered a single site for purposes of the ADA and accessibility.  The rear parking lot serves the restaurant which is situated on parcel 0211570000053, this is made clear by two large signs in front of Mamarita's which states "Additional Parking In Rear".  Moreover, Defendant Martha Irma Rodriguez is the registered agent and owner of Defendant MAMA IRMA'S, INC.

14.     MAMA IRMA'S, INC. is an owner of the real property and improvements that Mamarita's is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     MARTHA IRMA RODRIGUEZ is an owner of the real property (parcel 0211570000089) and improvements that the parking lot servicing Mamarita's is situated upon and that is the subject of this action, referenced herein as the "Property.

16.     Plaintiff lives 8 miles from Mamarita's and the Property.

17.     Plaintiff's access to the business(es) located at 7325 Spencer Highway, Pasadena, TX  77505, Harris County Property Appraiser's parcel identification numbers 0211570000053

3

and 0211570000089 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

18.     Defendants, MAMA IRMA'S, INC. as property owner of the parcel in which Mamarita's is situation on, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendant, MAMA IRMA'S, INC. and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant MAMA IRMA'S, INC's. requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

19.     Plaintiff has visited the Property at least twice before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

20.     Plaintiff intends on revisiting the Property to purchase goods, food and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers

4

to access.

21.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered and/or was made aware of the barriers to access at the Property that are detailed in this Complaint, engaged or was dissuaded from engaging those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

23.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

24.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

25.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

26.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

27.     The Property is a public accommodation and service establishment.

28.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants,

MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, are compelled to remove all physical barriers that exist at and the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and/or was made aware of prior to filing this lawsuit that precluded and/or potentially limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

    **(a)     ACCESSIBLE BARRIERS ON THE PARCEL OWNED BY DEFENDANT MAMA IRMA'S, INC.:**

    (i)     Directly in front of the entrance to Mamarita's, there is one accessible parking space that does not have a marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

    (ii)     Directly in front of the entrance to Mamarita's, there is one accessible parking space that is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

    (iii)     The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are a total of 80 parking spaces on this Parcel's parking lot, requiring at least four accessible parking spaces but there are only two accessible parking spaces on this parcel. This

violation would make it difficult for Plaintiff to locate an accessible parking space.

(iv)   There are no accessible parking spaces designated with a sign which states "Van Accessible" in violation of section 502.6 of the 2010 ADAAG Standards.

(v)   In the exterior area just outside the southeast corner of the building is a blue accessible ramp which contains a cross-slope in excess of 1:48 in violation of section 405.3 of the 2010 ADAAG standards.  This violation would make it difficult and dangerous for Plaintiff to utilize this accessible ramp.

(vi)   In the exterior area just outside the southeast corner of the building, the accessible route leading from the rear parking lot contains a turning space at the blue accessible ramp which has slopes on the turning space exceeding 1:48 in violation of section 304.2 of the 2010 ADAAG standards.  This violation would make it difficult and dangerous for Plaintiff to use this accessible route.

(vii)   The bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation would make it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(viii)   There is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

**RESTROOMS INSIDE MAMARITA'S**

(ix)     The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(x)      The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xi)     The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xii)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(xiii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

   **(b)**      **ACCESSIBLE BARRIERS ON THE PARCEL OWNED BY
DEFENDANT MARTHA IRMA RODRIGUEZ**

(xiv)    The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are at least a total of 80 parking spaces on this Parcel's parking lot, requiring at least four accessible parking spaces but there are only two accessible parking spaces on this parcel.  This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xv)    The two accessible parking spaces on this parcel are missing signage identifying them as accessible in violation of section 502.6 of the 2010 ADAAG Standards.  This violation would make it difficult for Plaintiff to locate accessible parking spaces.

(xvi)    The two accessible parking spaces are missing a marked access aisle in violation of section 502.3 of the 2010 ADAAG Standards.  This violation may make it difficult for Plaintiff to exit and enter his vehicle as marked access aisles discourage other vehicles from parking in the area.

(xvii)    On the accessible route leading from the two accessible parking spaces to the accessible ramp providing an accessible route to the entrances of Mamarita's, there are vertical rises, pot holes, and covers to utility services which create multiple vertical rises on the accessible route with heights in excess of ¼ inch in violation of section 303 of the 2010 ADAAG Standards.  These violations would make it difficult and dangerous for Plaintiff to access the entrances of the restaurant from these two accessible parking spaces.

(xviii)   The ramp providing an accessible route from the rear parking lot to the accessible entrances of Mamarita's has vertical rises in excess of ¼ inch at the base of the ramp in violation of section 405.4 of the 2010 ADAAG standards.

(xix)   Due to a policy of keeping the Mamarita's Ballroom entrance closed and locked during regular business hours and due to the presence of a fence/gate blocking the accessible route from the rear parking lot, the accessible parking spaces in this parking lot are not located on an accessible route in violation of section 208.3.1 of the 2010 ADAAG Standards.

36.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

37.   Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

38.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.   All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

40.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.   Upon information and good faith belief, the removal of the physical barriers and

12

dangerous conditions present at the Property is readily achievable because Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, have the financial resources to make the necessary modifications. According to the Property Appraiser, the appraised value of the parcel owned by Defendant MAMA IRMA'S, INC. is $1,473,125.00 and the value of the Property owned by MARTHA IRMA RODRIGUEZ is $179,876.00 for a combined value of $1,653,001.00.

42.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

43.     Upon information and good faith belief, the Property has been altered since 2010.

44.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

46.     Plaintiff's requested relief serves the public interest.

47.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

48.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of

litigation from Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, pursuant to 42 U.S.C. §§ 12188 and 12205.

49.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, MAMA IRMA'S, INC., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, MARTHA IRMA RODRIGUEZ, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, MAMA IRMA'S, INC. and MARTHA IRMA RODRIGUEZ, to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: December 14, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com